1  **WILLIAMS & SEEMEN, APLC.**
   **A**NTOINE **D**. **W**ILLIAMS (SBN: 255716)
2  **B**ART **A**. **S**EEMEN (SBN: 261895)
   16255 VENTURA BLVD. SUITE 1106
3  ENCINO, CALIFORNIA 91436
   Phone: (818) 898-3300 | Fax: (818)574-3006
4
5  Attorneys for Plaintiffs, Trunnell Powell, Tynell Powell, Braden Thomas, Cortney Sighn and Carlisa Gresham
6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUNNELL POWELL; TYNNELL POWELL; BRADEN THOMAS; CORTNEY SIGHN; and CARLISA GRESHAM, individuals<br><br>PLAINTIFF,<br><br>v.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; CHIEF JIM MCDONNELL; OFFICER MIRANDA; OFFICER PEREZ and DOES 1-20, inclusive<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) **Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**<br><br>2) **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**<br><br>3) **Municipal Liability for Policy (42 U.S.C. § 1983)**<br><br>4) **Municipal Liability for Failure to Train (42 U.S.C. § 1983)**<br><br>5) **V**IOLATION OF THE **B**ANE **A**CT (**C**AL. **C**IVIL **C**ODE § 52.1<br><br>6) **Assault and Battery**<br><br>7) **False Arrest**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. PLAINTIFFS TRUNNELL POWELL; TYNNELL POWELL; BRADEN THOMAS; CORTNEY SIGHN; CARLISA GRESHAM, individuals (hereinafter "PLAINTIFFS") hereby brings this Complaint for Damages against Defendants CITY OF LOS ANGELES (hereinafter "CITY"); CHIEF JIM MCDONNELL; OFFICER MIRANDA; OFFICER PEREZ; and DOES 1-20, inclusive.

## PARTIES

2. PLAINTIFF TRUNNELL POWELL is, and at all times mentioned herein, an individual who resides in Los Angeles County, California.

3. PLAINTIFF TYNNELL POWELL is, and at all times mentioned herein, an individual who resides in Los Angeles County, California.

4. PLAINTIFF BRADEN THOMAS is, and at all times mentioned herein, an individual who resides in Los Angeles County, California.

5. PLAINTIFF CORTNEY SIGHN is, and at all times mentioned herein, an individual who resides in Los Angeles County, California.

6. PLAINTIFF CARLISA GRESHAM is, and at all times mentioned herein, an individual who resides in Los Angeles County, California.

7. At all relevant times, Defendant CITY OF LOS ANGELES is, and was, a duly organized public entity, form unknown, existing under the laws of the State of California that includes the Los Angeles Police Department (LAPD).

8. At the time of the incident, Defendant JIM MCDONNELL was the duly appointed Chief of Police for the Los Angeles Police Department, and an employee of the City. Defendant JIM MCDONNELL held the highest position in the LAPD and is/was responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all LAPD employees and/or agents. At all relevant times herein, Defendant JIM MCDONNELL was responsible for the promulgation of the policies and procedures and allowances of the practices/customs

1  pursuant to which the acts of the individual employees.

2      9.    Furthermore, Defendant JIM MCDONNELL is responsible for
3  ratifying the unlawful conduct of the LAPD Officers through their rubber stamping
4  of the sham investigation.

5      10.    At all relevant times, CITY was the employer of Defendants Officer
6  MIRANDA; Officer PEREZ; and DOES 1-20, who were CITY police officers,
7  CITY police officers' supervisorial officers, and/or managerial, supervisorial, and
8  policymaking employees of the CITY Police Department.

9      11.    Defendants Officer MIRANDA; Officer PEREZ; and DOES 1-20 sued
10 as employees, agents, representatives and/or servants of Defendant CITY and sued
11 in their individual and official capacity for damages.

12     12.    At all relevant times, Defendants Officer MIRANDA; Officer PEREZ;
13 and DOES 1-20duly authorized employees and agents of Defendant CITY, subject
14 to oversight and supervision by CITY's elected and non-elected officials.

15     13.    Defendants Officer MIRANDA; Officer PEREZ; and DOES 1-20 were
16 acting under color of law, to wit, under the color of the statutes, ordinances,
17 regulations, policies, customs, and usages of Defendant CITY and the LAPD as well
18 as under the color of the statutes and regulations of the State of California, within
19 the course and scope of their respective duties as law enforcement officers and with
20 the complete authority and ratification of their principal, DEFENDANT CITY.

21     14.    Defendants Officer MIRANDA; Officer PEREZ; and DOES 1-20, as
22 duly sworn peace officers, were specifically authorized by Defendant CITY and to
23 perform the duties and responsibilities of sworn officers and law enforcement
24 officers of the LAPD, and all acts hereinafter complained of were performed by each
25 of them within the course and scope of their duties as employees of PPD and as law
26 enforcement officers for Defendant CITY. DOES 1-20 are also sued herein in their
27 individual capacity and in their official capacity as peace officers of the LAPD. Said
28 Defendant City condoned, acquiesced and/or ratified all of the acts and omissions

complained of herein.

15. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

16. Defendant CITY is responsible for the actions, omissions, negligence, policies, procedures, practices, and customs of its various agents and agencies, including the PPD and its agents and employees such as Defendants Officer MIRANDA; Officer PEREZ; and DOES 1-20. At all relevant times, DEFENDANT CITY was responsible for assuring that it and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

17. In doing all of the acts and omissions hereinafter described Defendants Officer MIRANDA; Officer PEREZ; and DOES 1-20, as duly sworn peace officers, were acting on the implied and actual permission and consent of the Defendant CITY and acting under the color of law as LAPD employees.

18. The true names of Defendants DOES 1-20, inclusive, are unknown to PLAINTIFF, who therefore sues these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

19. This action is properly filed in the Central District Court of California and brought for the alleged deprivations of PLAINTIFF'S constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, and 1367.

20. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this

1 action occurred in the County of Los Angeles, California.

2      21.   This action is timely filed within two years of said incident and within all applicable statutes of limitations. This court has jurisdiction over the present matter because, as delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for jurisdiction in this court.

     22.   PLAINTIFFS exhausted his administrative remedies by timely filing a governmental tort claim with the CITY pursuant to California Government Code section 910 et seq. The CITY rejected the claims and this action is timely filed within 180 days of rejection.

## FACTUAL ALLEGATIONS

     23.   Plaintiff TRUNNELL POWELL is a 67-year-old man and longtime resident of the South Los Angeles Community.

     24.   On February 28, 2025, TRUNNELL POWELL'S adult daughter died in a car crash in Los Angeles. The family did not learn of her death until a week after the car crash.

     25.   On March 7, 2025, TRUNNELL POWELL and his family held a candlelight vigil at the crash site for his daughter, several members of the family and community showed up for the event.

     26.   TRUNNELL POWELL and his wife had food prepared at their house and invited people to come back to their home after the vigil to feed them as a show of gratitude and continue the celebration of his deceased daughter's life.

     27.   On that date TRUNNELL POWELL and his family resided at 825 West 50th Place Los Angeles, CA 90037.

     28.   At around 10pm on the night of March 7, 2025, people began to congregate inside and outside of TRUNNELL POWELL'S residence on 50th Place.

     29.   Around that time, officers from the Los Angeles Police Department arrived. Initially, TRUNNELL POWELL spoke with an Officer from the 77th Street Community Police Station.

30. TRUNNELL POWELL informed the Officer of the reason for the gathering and the Officer told TRUNNELL POWELL that he understood and that it would not be a problem and the LAPD Officers left the area.

31. At that time TRUNNELL POWELL went back into his house.

32. TYNNELL POWELL is TRUNNELL POWELL'S 26-year-old son who also resided at 825 West 50th Place on the night of the incident.

33. BRADEN THOMAS is a family friend of the Powells and was present at the vigil and the Powell's home on the night of the incident.

34. CARLISA GRESHAM is a 27-year-old female and a friend and neighbor of the Powells. She was present at the Powells home on the night of the incident.

35. CORTNEY SIGHN is TRUNNELL POWELL'S niece, and she was also present at the Powell home on the night of the incident.

36. Within approximately one hour from TRUNNELL POWELL'S initial encounter with LAPD approximately 20 LAPD officers had arrived at the location.

37. At that time there were only about 10-15 people left at the Powells' residence.

38. When the officers arrived, they immediately started harassing the people in front of the Powells house.

39. The LAPD Officers initially arrested an individual named Cameron Kinney.

40. At that time TYNNELL POWELL and BRADEN THOMAS were outside and saw the arrest. They asked the LAPD Officers what was going on and why people were being arrested.

41. TYNNELL POWELL and BRADEN THOMAS were then pushed by LAPD Officer Miranda. They were told to stand back and physically pushed away. When they objected to being touched by the Officers when they had committed no crimes, Officer Miranda initiated the use of force against TYNNELL POWELL and

BRADEN THOMAS by striking them with closed fists and shoving them to the ground.

42. Both TYNNELL POWELL and BRADEN THOMAS were then handcuffed, arrested and charged with a violation of Penal Code Section 243(c) battery on a police officer.

43. Neither TYNNELL POWELL nor BRADEN THOMAS ever hit, struck, assaulted or battered any of the police officers. They were simply trying to ascertain what was going on when they were violently attacked by Officer MIRANDA and Officer PEREZ

44. During the assault on TYNELL POWELL, CARLISA GRESHAM was present.

45. GRESHAM attempted to help TYNELL POWELL get up off the ground after he was slammed down. At that point, an LAPD Officer stomped on GRESHAM'S foot, breaking a bone.

46. At the time that the fracas was taking place TRUNNELL POWELL and CORTNEY SIGHN also came outside to see why so many LAPD Officers were at the house.

47. TRUNNELL POWELL asked the officers why they were arresting his son, TYNNELL POWELL. At that time, TRUNNELL POWELL, a 67-year-old man was thrown to the ground by Officers MIRANDA and PEREZ.

48. When TRUNNELL POWELL attempted to stand up, he was thrown to the ground again at least four times. Officers MIRANDA and PEREZ also used fists to strike TRUNNELL POWELL.

49. CORTNEY SIGHN attempted to help TRUNNELL POWELL get up off the ground at which point she was shoved by Officers MIRANDA and PEREZ to the ground resulting in injury.

50. TRUNNELL POWELL required immediate medical attention due to his age and the beating he took from the officers. He was transported by ambulance

to the emergency department. After he was released from the hospital, he was arrested and booked for violation of Penal Code Section 243(c) battery on a police officer.

51. TRUNNELL POWELL remained incarcerated for five days before he was brought to court and informed that no charges were filed against him.

52. The Los Angeles Police Department and City conducted a sham investigation and immediately cleared the officers of any wrongdoing despite the obvious violations of their own internal policies.

53. In order to justify their unlawful arrests and physical assaults of PLAINTIFFS, Officers MIRANDA and PEREZ engaged in the deliberate fabrication of evidence when they drafted their police reports. In doing so, they facilitated the arrest and District Attorney's decision to charge TYNNELL POWELL and BRADEN THOMAS with felony offenses. They also falsified their reports with respect to TRUNNELL POWELL, fortunately the District Attorney declined to charge TRUNNELL POWELL.

## FIRST CAUSE OF ACTION

**(Unreasonable Search and Seizure – Unreasonable Detention and Arrest)**

**(42 U.S.C. § 1983)**

**(All Plaintiffs Against Officer MIRANDA, PEREZ and DOES 1-20)**

54. PLAINTIFFS repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

55. Defendant Officers MIRANDA, PEREZ and DOES 1-20, caused PLAINTIFFS to be detained and arrested in violation of their rights to be secure in their person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the laws of the State of California, and under the Constitution of the United States.

56. DEFENDANTS had no reasonable justification to conduct a stop, nor did DEFENDANTS have any reasonable belief that PLAINTIFFS were armed and

dangerous, justifying the detainment of PLAINTIFFS.

57. Based on the totality of the circumstances and excessive use of force the initial detention of PLAINTIFFS was a full arrest and justifiable only by the existence of probable cause, which the DEFENDANTS lacked.

58. As a direct and proximate result of the actions of DEFENDANTS, in unlawfully detaining and arresting PLAINTIFFS, they caused PLAINTIFFS to sustain losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

59. As a direct and proximate result of the actions of Defendants, they caused PLAINTIFFS to suffer emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

60. The CITY's police officers, actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants.

61. PLAINTIFFS are entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

## SECOND CAUSE OF ACTION
### (Unreasonable Search and Seizure – Excessive Force)
### (42 U.S.C. § 1983)
### (All Plaintiffs Against Officer MIRANDA, PEREZ and DOES 1-20)

62. PLAINTIFFS repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

63. PLAINTIFFS were unjustifiably detained and subjected to the excessive use of force by Defendants Defendant MIRANDA, PEREZ and DOES 1-20.

64. Defendants Defendant MIRANDA, PEREZ and DOES 1-20, used excessive force by physically assaulting and attacking PLAINTIFFS, all while

PLAINTIFFS posed no threat to any of the other officers at the location.

65. The foundation of the Fourth Amendment is reasonableness. The excessive force used by DEFENDANTS was fundamentally unreasonable and in violation of PLAINTIFFS' Fourth Amendment right to be secure in their person against unreasonable searches and seizures and the use of excessive force.

66. As a direct and proximate result of the actions of Defendants, including MIRANDA, PEREZ and DOES 1-20, in using unreasonable and excessive force on PLAINTIFFS, they caused PLAINTIFFS physical and emotional injury. As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, PLAINTIFFS sustained losses, physical and emotional injuries and damages in an amount according to proof at the time of trial.

67. As a direct and proximate result of the actions of Defendants, they caused PLAINTIFFS to suffer extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

68. The CITY's police officers, actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants.

69. PLAINTIFFS are entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

### THIRD CAUSE OF ACTION
### (Municipal Liability)
### (42 U.S.C. § 1983)
### (All Plaintiffs Against Defendant CITY and MCDONNELL)

70. PLAINTIFFS repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

71. Defendants including LAPD Officers, Sergeants or employees of

Defendant CITY, including Officer Defendants inclusive, acted under color of law.

72. The acts of the individual Defendants deprived PLAINTIFFS of their particular rights under the United States Constitution.

73. At all times mentioned, Defendant CITY was a municipal entity organized and existing under the laws of the State of California and operated the Los Angeles Police Department as its law enforcement agency. The CITY, through the LAPD, employed the individual defendant officers referenced above and was responsible for their training, supervision, and discipline.

74. Each individual defendant acted under color of law and within the course and scope of their employment with the LAPD. The acts and omissions complained of herein were executed pursuant to the customs, policies, practices, and usages of the CITY and LAPD.

75. Upon information and belief, a final policymaker, within the City including MCDONNELL, acting under color of law, who had final policymaking authority concerning the acts of the individual Defendants and ratified the acts of the individual defendants as the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual Defendants' acts. The individual defendants knew they could freely detain without probable cause and use unreasonable force whenever they wanted, and the CITY would always find the force to be reasonable no matter how egregious and unwarranted. The fact that the individual Defendants knew that CITY would always find whatever force used to be reasonable and would ratify it no matter how egregious and that Defendants would suffer no employment or other consequences from using unreasonable force was the moving force in the individual Defendants using unreasonable force on March 7, 2025.

76. Upon information and belief, a final policymaker within Defendants CITY, including MCDONNELL, has determined that the acts of the individual Defendants were "within policy" in their actions on March 7, 2025.

77. Individual Defendants, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFFS and other individuals similarly situated.

78. The constitutional deprivations suffered by PLAINTIFFS were directly and proximately caused by one or more policies, customs, or practices of the City and LAPD, which included but were not limited to the following:

   a. Failure to train, supervise, and discipline officers in the proper use of force, lawful arrest and detention procedures, de-escalation techniques, and the constitutional rights of persons encountered by police;

   b. Toleration and ratification of the use of excessive and unreasonable force by officers, including the failure to adequately investigate or discipline officers involved in prior similar incidents;

   c. Maintenance of a culture of impunity whereby complaints of misconduct were ignored, minimized, or covered up by supervisors or Internal Affairs investigators;

   d. Deliberate indifference to the need for policies and training addressing constitutional limits on police conduct, including the duty to intervene to prevent excessive force or unlawful arrests;

   e. Custom or policy of retaliating against individuals who question or record police conduct, or who assert their rights under the Fourth and First Amendments;

   f. Failure to adopt or enforce policies ensuring adequate medical evaluation and assistance for detainees or arrestees exhibiting injury,

distress, or medical need; and/or

    g. Policy or custom of unlawful detentions, false arrests, and/or fabrication of charges to justify unconstitutional conduct.

79. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for the Constitutional rights of PLAINTIFFS. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and MCDONNELL were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFFS.

80. By reason of the aforementioned acts and omissions, PLAINTIFFS suffered physical injury as well as extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

81. The CITY's police officers, actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants.

82. PLAINTIFFS are entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

## FOURTH CAUSE OF ACTION

**(Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**(All Plaintiffs Against Defendant CITY and MCDONNELL)**

83. PLAINTIFFS repeats and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

84. While under the color of state law and within the course and scope of their employment as police officers for the CITY, deprived PLAINTIFFS of their rights and liberties as provided for in the Fourth and Fourteenth Amendments, including their right to be free from unreasonable search and seizure and excessive force.

85. The CITY's training policies were not adequate to train its officers, including with regards to use of force and de-escalation tactics. As a result, DEFENDANTS were incapable of handling routine and recurring encounters with citizens. These inadequate training policies existed prior to March 7, 2025, and continue.

86. Defendant CITY was willfully and deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately with regards to use of force and de-escalation tactics. This inadequate training includes failure to give verbal warnings or commands prior to use of force and failure to announce their presence and/or identity as law enforcement when engaging a suspect, especially when the officers are in plain clothes.

87. CITY was aware that failure to implement training regarding their officers' use of force when dealing with motorists during routine traffic stops would result in continuing to have numerous unreasonable use of force instances.

88. Defendant CITY's failure to train is a substantial factor and closely related to PLAINTIFFS' harm. As a direct and proximate result of CITY's failure to train, caused PLAINTIFFS to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**

**(Violation of Plaintiff's Civil Rights Under California State Law)**

**(Violation of Civil Code §§ 51 et. seq. and 52)**

**(All Plaintiffs Against all Defendants)**

89. PLAINTIFFS repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

90. The conduct of defendants deprived PLAINTIFF of their rights under California Constitution Article 1, Section 7, rights not to be deprived of life, liberty or property without due process of law, and the right to equal protection under the

law under California Civil Code Sections 51 et. seq. and Section 52 et. seq.

91. The unlawful detention, arrest and unreasonable use of force violated PLAINTIFF'S constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California. The use of force against PLAINTIFFS was unreasonable and unwarranted as the circumstances under which occurred did not require the use of any force whatsoever.

92. Additionally, this action is brought pursuant to §§ 51 et. seq. and 52.1 of the California Civil Code. The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, DEFENDANTS are liable for injuries caused by their acts or omissions to the same extent as a private person.

93. Pursuant to Cal. Govt. Code §815.2, Defendant CITY is hereby liable for the acts, omissions, and conduct of its employees DEFENDANTS whose tortious conduct was a cause in the damages and injuries to Plaintiff.

94. DEFENDANTS acting within the scope of their duties as Police officers wrongfully caused Plaintiff to be detained, subjected to excessive force, arrested and put in jail in violation of Civil Code §§ 51 et. seq. and 52.1.

95. PLAINTIFFS were subjected to unlawful detention, unlawful arrest and use of excessive force by Defendants including LAPD Officers Sergeants or employees of the City, including DEFENDANTS which caused him physical and emotional injuries.

96. DEFENDANTS conspired to and in fact did deprive PLAINTIFFS of their right to equal protection of the laws and equal privileges and immunities under the laws because of his race.

97. At all times mentioned herein, Defendants including LAPD Officers Sergeants or employees of Defendant CITY, including DEFENDANTS were acting within the course and scope of their employment and/or agency with Defendant CITY. As such Defendant CITY is liable in respondent superior for the injuries

caused by the acts and omissions of Defendants including Officers, Sergeants or employees of CITY, including DEFENDANTS pursuant to section 815.2 of the California Government Code.

98. The CITY's police officers, actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants.

99. As such, PLAINTIFF is entitled to compensatory damages in an amount according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages against the individual DEFENDANTS and the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any other additional relief that the Court deems proper.

## **SIXTH CAUSE OF ACTION**

**(Assault and Battery)**

**(Against All Defendants)**

100. PLAINTIFFS repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

101. DEFENDANTS, while working as LAPD Police Officers, employees, for CITY, and acting within the course and scope of their duties, intentionally caused physical harm to PLAINTIFFS without their consent through the use of excessive force against each PLAINTIFF.

102. DEFENDANTS, while working as LAPD Police Officers, employees for CITY, and acting within the course and scope of their duties, had no legal justification for using force against PLAINTIFF and the use of force was outrageous, excessive and unreasonable.

103. At all times herein mentioned, law enforcement officers in California were only allowed to use necessary force reasonable force to effect an arrest, prevent

escape or overcome resistance. DEFENDANTS committed an unconsented touching of PLAINTIFF and battered him when they used outrageous, unreasonable and excessive force in the process of unlawfully arresting and detaining him.

104. On May 28, 2024, the LAPD Officers were acting in the course and scope of their employment with Defendant CITY, intentionally acted in a matter which was outrageous and placed PLAINTIFF in apprehension of an immediate touching when he was encountered by DEFENDANTS in a threatening and violent manner when he presented no threat at all.

105. Defendant CITY is vicariously liable for the wrongful acts of Defendants including Police Officers, employees, for CITY, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

106. As a direct and proximate result of the actions of Defendants, they caused PLAINTIFFS to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

107. The CITY's police officers, actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants.

## SEVENTH CAUSE OF ACTION
### (False Arrest - False Imprisonment)
### (Against All Defendants)

108. PLAINTIFFS repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

109. PLAINTIFFS allege that DEFENDANTS used excessive force upon them, held him against his will, detained them, handcuffed them, arrested them and

took him into custody absent any reasonable suspicious and/or probable cause.

110. DEFENDANTS are liable for false arrest or false imprisonment under California law. Government Code section 820.4 provides: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

111. Defendant CITY is vicariously liable for the wrongful acts of Defendants including Officers or employees of CITY, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

112. As a direct and proximate result of the actions of Defendants, they caused PLAINTIFF to suffer physical injury and extreme emotional distress, worry, anxiety, suffering and other damages in an amount according to proof at the time of trial.

113. The CITY's police officers, actions were willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants.

## **PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against Defendants as follows:

1. For general, compensatory, special and consequential damages in an amount according to proof;
2. For exemplary and punitive damages as to the individual Defendants;
3. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. §1988;

4. For all other damages allowed under federal;

5. For costs of suit incurrec herein;

6. For pre-judgement and post-judgement interest according to proof; and

7. For such other and further relief as the Court may deem just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

DATED: October 20, 2025

**WILLIAMS AND SEEMEN,**
**A PROFESSIONAL CORPORATION**

/s/ Bart A. Seemen
By:   BART A. SEEMEN, ESQ.
*Attorneys for PLAINTIFFS,*
Trunnell Powell, Tynell Powell, Braden Thomas, Cortney Sighn and Carlisa Gresham

COMPLAINT

COMPLAINT